IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 21, 2004

## STATE OF TENNESSEE v. ROSE MARIE HERNANDEZ

**Direct Appeal from the Bedford County Circuit Court**
**No. 15,231     Lee Russell, Judge**

---

**No. M2003-01756-CCA-R3-CD - Filed December 16, 2004**

---

The defendant, Rose Marie Hernandez, pled guilty to seventy counts of forgery, a Class E felony, which the trial court merged into thirty-five convictions of forgery, and the trial court sentenced her as a Range III, persistent offender to five years and six months for each conviction. The trial court ordered some of the sentences to run concurrently and others to run consecutively for an effective sentence of thirty-three years and six months in the Department of Correction. The defendant appeals, claiming the trial court erred in applying certain enhancement factors in violation of the rule announced in Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), and in denying alternative sentencing. Although we conclude that the sentencing procedure violated the rule announced in Blakely, we hold it to be harmless beyond a reasonable doubt. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J. delivered the opinion of the court, in which JOE G. RILEY, SP. J., joined. ROBERT W. WEDEMEYER, J., concurred in the result.

Andrew J. Dearing, III, Shelbyville, Tennessee, for the appellant, Rose Marie Hernandez.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; W. Michael McCown, District Attorney General; and Michael Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case relates to the defendant's forging checks. The Bedford County Grand Jury indicted the defendant for seventy counts of forgery, thirty-five for making forged checks and thirty-five for passing them, and one count of custodial interference. At the plea acceptance hearing, the State recited the facts that it would have proved at trial as follows:

[I]n December of [2002], Mr. Donald Gibbs went to the sheriff's department to report that some of his checks had been stolen and apparently forged. A joint investigation was conducted by the [Bedford County] sheriff's department and [the Shelbyville] police department[, a]nd they developed an investigation that led them to the defendant. They went to some merchants where the checks had been forged with a photo lineup to include the picture of the defendant[,] and [] several of the merchants picked the defendant as having been the person that passed the checks. They then interviewed the defendant and she admitted she took his checkbook and she admitted to forging and passing a number of the checks.

The defendant pled guilty to the seventy counts of forgery, and the trial court dismissed the custodial interference charge. The trial court merged the thirty-five counts of making forged checks with the thirty-five counts of passing them for a total of thirty-five convictions of forgery, one for each forged check. Pursuant to the plea agreement, the trial court was to determine sentencing.

At the sentencing hearing, the State entered the defendant's presentence report into evidence, which showed she had twenty prior convictions for forgery, two prior convictions for theft under $500, and one prior conviction for driving under the influence of an intoxicant. The report also showed that the defendant had previously been sentenced to probation or community corrections, that she had violated the terms of her release into the community on four separate occasions, and that she committed the current forgeries while on parole.

The defendant testified that she was participating in a substance abuse and relapse prevention program at the Tennessee Prison for Women. She explained that the program took a year to complete and included anger management, relaxation techniques, and counseling. She said the counseling was helping her deal with sexual abuse that she experienced as a child. She said that she has progressed through the substance abuse program and that at the time of the trial, she was "representing" some of the inmates at counseling and mentoring other inmates.

The defendant testified that her use of illegal drugs had led to the loss of her children, husband, sister, dad, and home. She said she had been in a lot of trouble because of her drug addiction. She said, "I have made a lot of mistakes. I have violated my community corrections; I did violate my parole." She said, however, that she was learning from her mistakes. The defendant also presented an affidavit from a counselor in Morristown, Tennessee, who stated that the defendant had a good heart and that she was willing to help the defendant through the process of recovery.

The state asserted that the defendant qualified as a career offender, but the defendant challenged some of her prior convictions by asserting that they were not separate and distinct episodes. The trial court determined the defendant was a Range III, persistent offender. Because the counts of forgery were Class E felonies, the available sentence range was four to six years for each conviction.

The trial court applied the following enhancement factors pursuant to T.C.A. § 40-35-114: (2) a prior history of criminal convictions in addition to those used to determine the appropriate range; (9) a previous history of unwillingness to comply with the conditions of release; and (14) the crimes occurred while the defendant was on parole. The trial court also applied mitigating factors (1) and (13), but it did not afford them great weight. See T.C.A. § 40-35-113(1), (13). The trial court sentenced the defendant to five years and six months in prison for each of the thirty-five convictions.

When deciding whether to run the defendant's sentences concurrently or consecutively, the trial court found that the fact the forgeries were committed while the defendant was on parole and the fact that the defendant had an extensive criminal record overcame the presumption in favor of concurrent sentencing. See T.C.A. § 40-35-115(b)(2), (6). The trial court ordered the sentences for twenty-nine of the counts run concurrently with the sentences for six of the counts. It then ordered those six counts run consecutively to each other, for an effective sentence of thirty-three years and six months in prison.

The trial court next determined that the defendant was not an appropriate candidate for alternative sentencing. After considering the factors provided by statute, the defendant's physical and mental condition, her social history, the facts and circumstances surrounding this particular offense, her prior criminal history and her previous actions and character, the trial court found that the presumption in favor of alternative sentencing was overcome because the defendant's potential for rehabilitation was reasonably unlikely. The trial court also found that a high risk existed that the defendant would commit another crime while on probation. The defendant appeals, contending that the trial court improperly denied her alternative sentencing and improperly applied the enhancement factors in violation of Blakely. The state argues that the trial court properly denied alternative sentencing and that the defendant has waived any Blakely issues by failing to present them in the trial court. In the alternative, the state contends that any Blakely violations were harmless beyond a reasonable doubt.

## I. SENTENCING ANALYSIS

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). As the Sentencing Commission Comments to this section note, the burden is now on the appealing party to show that the sentencing is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing

principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. T.C.A. § 40-35-210(f) (1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994). In conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

The range of punishment for a Range III, persistent offender is four to six years for a Class E felony. T.C.A. § 40-35-112(c)(5). Unless enhancement factors are present, the presumptive sentence to be imposed is the minimum in the range. T.C.A. § 40-35-210(c). Our sentencing act provides that procedurally, the trial court is to increase the sentence within the range based on the existence of enhancement factors and, then, reduce the sentence as appropriate for any mitigating factors. T.C.A. § 40-35-210(d), (e). The weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record. T.C.A. § 40-35-210, Sentencing Commission Comments; Moss, 727 S.W.2d at 237; see Ashby, 823 S.W.2d at 169.

We first consider whether the trial court's application of certain enhancement factors violated the defendant's right to trial by jury. The trial court complied with the principles of the 1989 Sentencing Act when it applied enhancement factors (2), (9), and (13) to increase each of the defendant's sentences from four years to five years and six months. However, the United States Supreme Court's Blakely decision affects the portion of our 1989 Sentencing Act that allows judges to find applicable certain enhancement factors and use those factors to increase a defendant's sentence above the presumptive sentence in the range. See Blakely, 524 U.S. at __, 124 S. Ct. at 2537; State v. Chester Wayne Walters, No. M2003-03019-CCA-R3-CD, White County, slip op. at 19-21 (Tenn. Crim. App. Nov. 30, 2004). Blakely specifies that other than prior convictions, any facts not reflected in the jury's verdict or admitted by the defendant which are used to increase a defendant's punishment above the presumptive sentence must be found by the jury, not the trial court. 524 U.S. at __, 124 S. Ct. at 2537.

The defendant testified at her sentencing hearing and acknowledged her prior convictions, which Blakely allows the trial court to use for enhancement purposes. However, the defendant also

admitted in her testimony to substantial and continuous illegal drug use, to consistent violations of the terms of her prior sentences involving release into the community, and to commission of the forgeries while on parole. The presentence report buttressed these admissions. In context, the admissions would support factors (2), that the defendant has a previous history of criminal behavior, (9), that the defendant has a history of unwillingness to comply with conditions of a sentence involving release into the community, and (14), that the defendant committed the instant offenses while on parole. Judge Wedemeyer maintains his view held by the majority in <u>Walters</u> that an admission by the defendant at a sentencing hearing may justify application of enhancement factors without violating <u>Blakely</u>. However, the majority of this court concludes that the defendant's admissions did not constitute admission in the <u>Blakely</u> context and, therefore, that the trial court's application of factors (2), for criminal behavior, (9), and (13) violated the defendant's Sixth Amendment right to trial by jury. We conclude, though, that <u>Blakely</u> errors are subject to constitutional harmless error analysis. <u>See Walters</u>, slip op. at 23-25. In this regard, given the defendant's testimonial admissions, we hold that the trial court's application of the foregoing enhancement factors was harmless beyond a reasonable doubt.

The trial court also ordered six of the defendant's sentences to run consecutively to the others by finding that the defendant committed the forgeries while on parole and by finding that the defendant had an extensive criminal history. <u>See</u> T.C.A. § 40-35-115(b)(2), (6). We note that although the defendant has not raised this issue on appeal, this court has held that <u>Blakely</u> does not apply to consecutive sentencing determinations. <u>See</u> <u>State v. Earice Roberts</u>, No. W2003-02668-CCA-R3-CD, Shelby County, slip op. at 15 (Tenn. Crim App. Nov. 23, 2004); <u>State v. Lawrence Warren Pierce</u>, No. M2003-01924-CCA-R3-CD, Davidson County, slip op. at 16 (Tenn. Crim. App. Nov. 9, 2004). We agree with <u>Roberts</u> and <u>Pierce</u> and likewise conclude that <u>Blakely</u> does not affect consecutive sentencing determinations.

We next consider whether the trial court erred in denying the defendant alternative sentencing. The defendant implies that she is presumed to be a favorable candidate for alternative sentencing pursuant to T.C.A. § 40-35-102(6). She mainly argues that probation was warranted. We note, though, that she is a Range III, persistent offender to whom the favorable presumption does not apply. <u>Id.</u>; <u>State v. Anderson</u>, 985 S.W.2d 9, 18-19 (Tenn. Crim. App. 1997). In any event, the burden was on her to establish her suitability for probation. T.C.A. § 40-35-303(b) Sentencing Commission Comments. In order to meet this burden, the defendant "must demonstrate that probation 'will subserve the ends of justice and the best interest of both the public and the defendant.'" <u>State v. Bingham</u>, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting <u>State v. Dykes</u>, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

No bright line rule exists for determining what is necessary to demonstrate that probation will serve the ends of justice and the best interest of both the public and the defendant. <u>See Bingham</u>, 910 S.W.2d at 456. In determining whether to grant or deny probation, the trial court must consider the circumstances surrounding the offense; the defendant's criminal record; the deterrent effect on other criminal activity; the defendant's physical and mental health; the defendant's background and social history; and the likelihood that probation is in the best interests of both the defendant and the

public.  State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).  A trial court may deny a defendant's request for alternative sentencing and sentence a defendant to confinement based on any one of the following considerations:

> Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1)(A)-(C).

In denying the defendant alternative sentencing,  the trial court stated:

> There is a presumption in favor of alternative sentencing [if the defendant is a] mitigating or standard offender in a C, D or E [felony]; that's not the case.  Even if she were, certainly the presumption would be overcome in this particular case for several reasons.  One is her prior record and her tendency to violate on an ongoing basis the terms of her release into the public, [this] suggests that she has little or no potential for rehabilitation.  And that is a factor that's set out in [T.C.A. §] 40-35-103, subpart five.  Her record has been to violate, sometimes not caught for a while, she would use illegal drugs extensively and not get caught for a while; invariably, she does get caught doing illegal activity, ordinarily something to support this drug habit of hers.  Certainly she is a very poor candidate for alternative sentencing.
>
> I have taken into account all those factors set out by statute when making a determination as to whether someone is entitled to alternative sentencing.  I have read the presentence report, the defendant's physical and mental condition, her social history, the facts and circumstances surrounding this particular offense, her prior criminal history, her previous actions and her character.
>
> In this case, it's very important that I consider whether or not the defendant might reasonably be expected to be rehabilitated and her potential or her lack of potential to be rehabilitated.  I believe there is very little of that.  I think there is a high risk during the period of any probation that she would commit another crime.  It does not

appear, reasonably appear that she would abide by the terms of probation. And for these reasons, I am going to deny her probation.

We conclude that the trial court properly considered the relevant sentencing principles. Accordingly, we will conduct a de novo review of the record with a presumption that the trial court's sentencing determinations are correct. See T.C.A. § 40-35-401(d).

The defendant cites State v. Smith, 735 S.W.2d 859, 864 (Tenn. Crim. App. 1987), and asserts that evidence must show that the sentence imposed will have a deterrent effect within the jurisdiction before a trial judge is justified in denying probation. The trial court, however, did not deny the defendant's request for alternative sentencing based upon deterrence. It denied alternative sentencing because "her prior record and her tendency to violate on an ongoing basis the terms of her release into the public, suggest[s] that she has little or no potential for rehabilitation." The trial court determined that the defendant should serve her sentence in confinement because of a lack of potential for rehabilitation. We agree with the trial court's findings. The defendant has been given the opportunity to rehabilitate herself under less restrictive means, and she has failed to take advantage of these opportunities. Moreover, the extensive record of criminal activity indicates that she is not a good candidate for alternative sentencing. The record supports the trial court's findings and its determination denying the defendant probation or any alternative sentence. We conclude that the defendant has not met her burden of demonstrating the impropriety of the trial court's decision.

Based upon the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, JUDGE

-7-